UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
EG&G MIDDLE EAST LTD. (SAUDI ARABIA) and
EG&G MIDDLE EAST LTD. (DUBAI)

                                                         Plaintiffs,

- against -

AXSYS TECHNOLOGIES IR SYSTEMS, INC., and
AXSYS TECHNOLOGIES, INC.,

                                                         Defendants.
------------------------------------------------------------- x

07 Civ.: _____ ( )

Complaint

**07 CIV 9429**

RECEIVED OCT 22 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs EG&G Middle East Ltd. (Saudi Arabia) and EG&G Middle East Ltd. (Dubai) (collectively, and individually where appropriate, "EG&G"), upon knowledge of their own actions and upon information and belief as to all other allegations, by and through their attorneys DLA Piper US LLP, allege as follows:

## SUMMARY OF THIS ACTION

1.     EG&G is bringing this action against Axsys Technologies IR Systems, Inc. ("Axsys IR") and Axsys Technologies, Inc. ("Axsys") for breach of contract, interference with contract, aiding and abetting breach of fiduciary duty, interference with a prospective business advantage, unfair competition, and unjust enrichment.

2.     EG&G is in the business of developing, integrating, and marketing advanced security and defense related systems and solutions throughout the Middle East.

3.     Beginning in 2004, EG&G entered into a series of agreements (collectively, the "Agreement") with Diversified Optical Products, Inc. ("Diversified") and its successors under which EG&G integrated Diversified products into security systems for sale in the Middle East.

4.     In 2005, Diversified was acquired by defendant Axsys and now does business as Axsys IR. Axsys and/or Axsys IR are successors to Diversified and obligated under the Agreement. References in this Complaint to "Defendants" refer to Axsys and/or Axsys IR as appropriate as the successors to Diversified.

5. In 2007, Defendants falsely claimed that the Agreement was terminated, and acted in concert with a former employee of EG&G to unlawfully take from EG&G a business opportunity for the sale of security systems that EG&G had been negotiating with Abu Dhabi, one of the states of the United Arab Emirates. Defendants are also interfering with other business opportunities of EG&G. Defendants are liable for breach of the Agreement; interfering with the duties owed to EG&G by the former EG&G employee, and aiding and abetting that employee's breach of his duties; interfering with prospective sale opportunities between EG&G and Abu Dhabi and other countries; unfair competition; and unjust enrichment.

## PARTIES

6. EG&G Middle East Ltd. (Saudi Arabia) is a corporation organized and existing under the laws of the Kingdom of Saudi Arabia. Its principal place of business is in Riyadh, Saudi Arabia.

7. EG&G Middle East Ltd. (Dubai) is a corporation organized and existing under the laws of Dubai, one of the states of the United Arab Emirates. Its principal place of business is in Dubai, U.A.E.

8. EG&G Middle East Ltd. (Saudi Arabia) and EG&G Middle East Ltd. (Dubai) are affiliated companies.

9. Axsys Technologies IR Systems, Inc. is a corporation organized under the laws of the State of New York. Its principal place of business is in Salem, New Hampshire.

10. Axsys Technologies, Inc. is a corporation organized under the laws of the State of Delaware. Its principal place of business is in Rocky Hill, Connecticut.

11. Axsys Technologies, Inc. and Axsys Technologies IR Systems, Inc. are affiliated companies.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because Defendants are citizens of New York and Delaware, Plaintiffs are citizens of foreign states, and

the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

13.    Venue is proper in this district under 28 U.S.C. § 1391 (a)(3) and (c).

## FACTUAL BACKGROUND

14.    In 2004, EG&G and Defendants agreed to work together to promote and sell integrated surveillance systems and solutions that were anticipated to be in high demand in the Middle East. As part of this effort EG&G developed specialized software, integrated equipment into systems, purchased equipment from Defendants, formulated marketing strategies, and solicited customers. EG&G provided Defendants with ideas and information, and purchased from them the first Electro-Optical Surveillance System 1000 prototypes to demonstrate to customers in the Middle East.

15.    The parties' Agreement was initially formalized in a memorandum of understanding, which was followed by other written agreements. Under the Agreement as amended and modified, EG&G agreed to use Defendants' products, and Defendants agreed to use EG&G to distribute those products incorporated into EG&G's systems and solutions. The parties worked harmoniously and profitably for three years.

16.    However, in 2007 Defendants induced an employee of EG&G, Jake Soujah, to breach his employment and fiduciary duties to EG&G and work for the benefit of Defendants while Soujah was still employed by EG&G. Soujah is no longer employed by EG&G and now works for Defendants.

17.    With the knowledge and encouragement of Defendants, and without any authorization or approval by EG&G, Jake Soujah unlawfully purported to terminate the Agreement with Defendants in 2007. Soujah did this at a time when he had duties of loyalty to EG&G. At or about the same time, Defendants and Soujah worked together to transfer business opportunities from EG&G to Defendants.

18.    The business opportunities improperly taken from EG&G by Defendants with the help of Soujah included a major contract with Abu Dhabi, one of the states of the United Arab Emirates, for security systems and products. EG&G devoted approximately two years of effort in negotiating for the contract with Abu Dhabi. The contract involves orders for products worth

more than $2.75 million. But for the improper actions of Soujah and Defendants, the contract with Abu Dhabi would have closed with EG&G or its designee as the contracting party in 2007. On information and belief, the contract has instead closed with Defendants.

19. Defendants have also interfered, and continue to interfere, with other business opportunities of EG&G. These include, without limitation, business opportunities with Kuwait and other Middle East countries.

20. With the knowledge and encouragement of Defendants, Soujah has also misappropriated documents from EG&G and delivered them to Defendants, including the original Agreement and its copies. Despite requests, Defendants have refused to return these documents to EG&G.

21. Defendants have refused to perform their continuing obligations to distribute their products in the Middle East through EG&G. Defendants have falsely claimed that the Agreement has been terminated.

22. EG&G has been damaged by the actions of Defendants and will continue to be damaged unless Defendants are enjoined by the Court.

FIRST CAUSE OF ACTION
(Breach of Contract)

23. EG&G repeats the allegations in paragraphs 1-22.

24. The Agreement between Defendants and EG&G is valid, binding, and enforceable.

25. The Agreement has never been terminated. Defendants knew or should have known that any purported termination of the Agreement by Soujah was without any force or effect.

26. EG&G has fully performed its obligations under the Agreement.

27. Defendants have violated the Agreement by refusing to honor their obligations to distribute certain products in the Middle East through EG&G. These violations have included, among others, preventing EG&G from closing on the contract with Abu Dhabi and taking the

4

Abu Dhabi contract for themselves. Defendants' violations of the Agreement are also hindering EG&G from entering in to contracts with Kuwait and other Middle East countries.

28. EG&G has been damaged and has suffered irreparable harm as a result of Defendants' actions, and Defendants threaten further damages and harm to EG&G if not restrained.

## SECOND CAUSE OF ACTION
(Interference with Employment Contract and
Aiding and Abetting Breach of Fiduciary Duty)

29. EG&G repeats the allegations in paragraphs 1-28.

30. As a result of his employment and relationship with EG&G and its affiliates, Jake Soujah was bound by obligations of loyalty and fiduciary duty to EG&G.

31. At all relevant times Defendants were aware of Soujah's obligations to EG&G.

32. Defendants improperly encouraged and induced Soujah to breach his obligations of loyalty and fiduciary duty to EG&G, and aided and abetted him in those breaches of duty. Soujah breached his duties to EG&G by unlawfully and without authorization purporting to terminate the Agreement, misappropriating or concealing documents belonging to EG&G, depriving EG&G of its business opportunity with Abu Dhabi, interfering with or hindering other business opportunities for contracting with Kuwait and other Middle East countries, and otherwise improperly acting to benefit competitors of EG&G.

33. EG&G has been damaged and has suffered irreparable harm as a result of Defendants' actions, and Defendants threaten further damages and harm to EG&G if not restrained.

## THIRD CAUSE OF ACTION
(Interference with Prospective Business Advantage)

34. EG&G repeats the allegations in paragraphs 1-33.

35. EG&G made substantial efforts at negotiating a contract with Abu Dhabi for a purchase by Abu Dhabi of security systems and products. But for the unlawful interference with this business opportunity, EG&G would have closed the contract with Abu Dhabi in 2007. Instead, Abu Dhabi closed the contract with Defendants.

36.     Defendants have also interfered, and continue to interfere, with other business opportunities of EG&G. These include, without limitation, business opportunities with Kuwait and other Middle East countries.

37.     EG&G has been damaged and has suffered irreparable harm as a result of Defendants' actions, and Defendants threaten further damages and harm to EG&G if not restrained.

## FOURTH CAUSE OF ACTION
(Unfair Competition)

38.     EG&G repeats the allegations in paragraphs 1-37.

39.     As a result of the labor, skill, and expenditures of EG&G, EG&G would have closed the contract with Abu Dhabi for Abu Dhabi's purchase of security systems and products. However, Defendants closed on the contract with Abu Dhabi by misappropriating the results of EG&G's skill, labor, and expenditures. Defendants, acting in concert with Soujah, have deprived EG&G of the benefits it was entitled to receive as a result of its labor, skill, and expenditures. Defendants are also depriving EG&G of the benefits it would otherwise receive from contracts with Kuwait and other Middle East countries.

40.     Defendants acted with bad faith.

41.     EG&G has been damaged and has suffered irreparable harm as a result of Defendants' actions, and Defendants threaten further damages and harm to EG&G if not restrained.

## FIFTH CAUSE OF ACTION
(Unjust Enrichment)

42.     EG&G repeats the allegations in paragraphs 1-41.

43.     Defendants have been unjustly enriched at the expense of the labor, skill, and expenditures of EG&G. This unjust enrichment has included, among other things, the contract with Abu Dhabi for Abu Dhabi's purchase of security systems and products.

44. EG&G has been damaged and has suffered irreparable harm as a result of Defendants' actions, and Defendants threaten further damages and harm to EG&G if not restrained.

WHEREFORE, Plaintiffs demand judgment against Defendants:

(a) Awarding damages to Plaintiffs for Defendants' breach of contract, interference with employment contract and fiduciary duty, interference with prospective business advantage, unfair competition, and unjust enrichment, in an amount to be determined at trial;

(b) Granting injunctive relief to Plaintiffs enjoining Defendants from further violating their obligations and injuring EG&G;

(c) Awarding Plaintiffs their attorneys' fees and costs to the fullest extent permitted by law; and

(d) Granting such other and further relief to Plaintiffs as the Court may determine is just and proper.

Dated: October 22, 2007

DLA PIPER US LLP

By: _____
Joseph G. Finnerty III (JF 4315)
Stanley McDermott III (SM 0530)
Michael R. Hepworth (MH 2398)
Barbara L. Seniawski (BS 0224)
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500
Attorneys for Plaintiffs